UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPEL RENAUD AND JENNIFER SCALZO, ON BEHALF OF THEMSELVES AND THOSE SIMILARLY SITUATED,

      Plaintiffs,

vs.

BROKER BROTHERS LOGISTICS, INC. A FLORIDA CORPORATION, AND FRANK CAPUTO, INDIVIDUALLY

      Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, OPAL RENAUD and JENNIFER SCALZO, on behalf of themselves and those similarly situated, sue the Defendants, BROKER BROTHERS LOGISTICS, INC. a Florida Corporation, and FRANK CAPUTO, individually and allege:

1. Plaintiffs were employees of Defendants and bring this action for unpaid overtime compensation, unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Florida law.

1

## GENERAL ALLEGATIONS

2. Plaintiff Renaud worked for Defendants from November 2020 to March 2021.

3. Plaintiff Scalzo worked for Defendants from April 2018 to April 2021.

4. Both Plaintiffs were only paid an hourly wage plus commissions by Defendants with no overtime compensation.

5. Defendant, BROKER BROTHERS LOGISTICS, INC. is a Florida Corporation that operates and conducts business in, among other locations, Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

6. At all times relevant to this action, FRANK CAPUTO is an individual resident of the State of Florida, who owns and operates BROKER BROTHERS LOGISTICS, INC. and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of BROKER BROTHERS LOGISTICS, INC.  By virtue of having regularly exercised that authority on behalf of BROKER BROTHERS LOGISTICS, INC., FRANK CAPUTO, is an employer as defined by 29 U.S.C. § 201, et seq.

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA

pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiffs' employment with Defendants, Defendant, BROKER BROTHERS LOGISTICS, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiffs' employment with Defendants, Defendant, BROKER BROTHERS LOGISTICS, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were telephones, computers, office equipment and furniture and other items which originated from outside the state of Florida

11. Therefore, Defendant, BROKER BROTHERS LOGISTICS, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

12. Additionally, Plaintiffs were engaged in interstate commerce during their employment with Defendants as a result of almost daily phone calls and e-mails which left the state of Florida, including telephone calls with potential customers.

## FLSA AND UNPAID WAGE VIOLATIONS

13. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiffs overtime compensation.

14. During their employment with Defendants, Plaintiffs routinely worked over forty (40) hours per week.

15. During their employment with Defendants, Plaintiffs were not paid overtime compensation for overtime hours worked.

16. If Plaintiffs worked less than forty (40) hours in a week, Plaintiffs were only paid their regular hourly wage.

17. Plaintiffs and the similarly situated employees' primary job duties were to talk and e-mail with customers to sell them Defendants' services in assisting them to move their freight throughout the country.

18. Plaintiffs' main job was to sell and earn Defendants' money by brokering such transactions.

19. Plaintiffs and the similarly situated employees did not set prices nor could they change significant parameters in the system.

20. Plaintiffs and the similarly situated employees did not manage any other employees, did not have the power to hire or fire other employees and could not make any decisions without approval from upper management.

21. Plaintiffs and the similarly situated employees are non-exempt employees and should have been paid overtime compensation for overtime hours worked.

22. Plaintiffs and the similarly situated employees routinely worked overtime hours, but were never paid time and one-half compensation for same.

23. The additional persons who may become plaintiffs in this action are employees who held similar broker positions to Plaintiffs and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

24. Upon information and belief, the records, to the extent any exist and are accurate concerning the number of hours worked and amounts paid to Plaintiffs and the similarly situated employees are in the possession and custody of Defendants.

25. Additionally, during their employment, Defendants agreed to pay certain commissions to Plaintiffs and other brokers for sales accomplished by them.

26. Defendants would have Plaintiffs and other brokers sign documents describing the commissions Plaintiffs were to receive.

27. However, during their employment, Defendants would unilaterally change the commission structure, and pay fewer commissions than agreed to be paid to Plaintiffs.

28. Defendants would also not provide commission reports to Plaintiffs

verifying the specific commissions paid to them, despite repeated requests to do so.

29. Defendants have failed to pay all commissions owed to Plaintiffs and other brokers.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

30. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-29 above.

31. Plaintiffs and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

32. During their employment with Defendants, Plaintiffs and those similarly situated employees were misclassified as exempt and worked overtime hours without receiving additional overtime compensation from Defendants.

33. Plaintiffs were entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours per week.

34. Defendants did not have a good faith basis for their decision to classify Plaintiffs and other brokers as exempt under the FLSA and fail to pay them overtime compensation.

35. As a result of Defendants' intentional, willful and unlawful acts in

refusing to pay Plaintiffs and those similarly situated employees proper overtime compensation, Plaintiffs and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, OPAL RENAUD and JENNIFER SCALZO, on behalf of themselves and those similarly situated, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II – RECOVERY OF UNPAID WAGES**

36. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-29 above.

37. Defendants agreed to pay Plaintiffs and other similarly situated employees specific and certain commission rates for sales made while employed by the Defendants.

38. During the course of Plaintiffs' employment, Defendants unilaterally changed the commission structure and would pay less in commissions that the agreed upon rates.

39. As a result of Defendants' failure to pay the agreed upon wages, Plaintiffs and other brokers have not been paid the full amount of commissions

owed to them.

40. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, OPAL RENAUD and JENNIFER SCALZO, on behalf of themselves and those similarly situated, demand judgment against Defendants for unpaid wages, prejudgment and post-judgment interest, and any and all further relief that this Court determines to be just and appropriate.

Dated this 29th day of April, 2021.

**/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
T: Renaud(407) 420-1414
F: (407) 425-8171
E: RMorgan@forthepeople.com
***Attorneys for Plaintiff***