UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPEL RENAUD AND JENNIFER SCALZO, ON BEHALF OF THEMSELVES AND THOSE SIMILARLY SITUATED,

        Plaintiffs,

vs.

BROKER BROTHERS LOGISTICS, INC. A FLORIDA CORPORATION, AND FRANK CAPUTO, INDIVIDUALLY,

        Defendants.
_____/

CASE NO.: 8:21-CV-01025-JSM-SPF

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs, OPAL RENAUD and JENNIFER SCALZO ("Plaintiffs"), file this Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law against Defendants, BROKER BROTHERS LOGISTICS, INC., AND FRANK CAPUTO, and state:

1. On April 30, 2021, Plaintiffs filed a Complaint for overtime compensation, and other relief under the Fair Labor Standards Act, as amended,

1

29 U.S.C. § 216(b) (the "FLSA") and for unpaid wages under Florida law related to unpaid commissions. *See* D.E. 4.

2. On May 25, 2021, Defendants were served with a summons and a Copy of the Complaint. *See* D.E. 6 and 7.

3. Because Defendants failed to serve any paper on the undersigned as required by law, Plaintiffs filed a Motion for Clerk's Default against Defendants on June 9, 2021. *See* D.E. 8.

4. On June 10, 2021, the Clerk entered a Default against both Defendants. See D.E. 9 and 10.

5. As of the filing of the instant Motion, Defendants have not retained counsel, filed any motion or pleading in response to the Complaint, and as a result, Defendants have failed to serve any paper on the undersigned or file any paper required by law in response to the Complaint. Accordingly, Plaintiffs now request a Default Final Judgment in their favor and against Defendants.

6. "A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

7. Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a). In the case of claims arising under the Fair Labor Standards Act ("FLSA"), the former Fifth Circuit Court of Appeals has held that a statement that the defendants have the employees who are engaged in interstate commerce and who are paid less than the statutorily required minimum wage is sufficient to state a claim under the FLSA. See *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

8. The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim under the FLSA, the Plaintiff must establish: 1) That the plaintiff was employed by Defendant during the time period involved; 2) that plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods in commerce; and 3) that defendant failed to pay the proper compensation as required by law. See *Eleventh Circuit Pattern Jury Instructions – Civil 4.14*.

9. In the instant case, Plaintiffs' Complaint (D.E. 4) contains all of the allegations required to state a claim for compensation under the FLSA. In

Paragraphs 1, 2-4, and 7 of the Complaint, Plaintiffs identified the basis of the Court's jurisdiction - 28 U.S.C. § 1331 and 29 U.S.C. §216(b), and allege that Plaintiffs were employees of Defendants. In Paragraphs 6, and 8-12 of the Complaint, Plaintiffs allege that they were employed by an enterprise engaged in commerce, that they themselves engaged in interstate commerce during their employment with Defendants, and also alleged that Defendant Caputo met the definition of an individual employer under the FLSA. *See Patel v. Warg*, 803 F.2d 632, 637-38 (11th Cir. 1986) (describing individual employer liability under the FLSA).  Lastly, in Paragraphs 13-15 and 22 of the Complaint, Plaintiffs allege they were not paid for all overtime hours worked during their employment with Defendants. Because courts must deem the well-plead allegations of the Complaint as true, the Plaintiffs have established each element of a claim under the FLSA.

10.    Plaintiffs also properly allege a claim for unpaid commissions under Florida law.  In the Complaint, Plaintiffs set forth specific allegations that certain commissions were agreed to by the Parties. *See* Complaint at ¶¶ 25-29 and 37-39. Plaintiff even attaches a signed copy of the written agreement which sets forth the commissions agreed to between the Parties. *See* Renaud Declaration at Ex. B. Thus, it is clear Plaintiffs and Defendants had an agreement on commissions to

4

be paid and Plaintiffs have alleged Defendants failed to pay all commissions owed under these agreements.

11.    Attached as Composite Exhibit 1 are Plaintiffs' Declarations evidencing the amount of wages they were paid regularly, the amounts of hours they alleged to have worked, and the amount of overtime compensation they allege to be owed. Plaintiffs' Declarations also set forth the factual basis for the commissions they allege to be owed. Plaintiffs' Declarations are the best evidence of their hours worked and amounts owed as Defendants have failed to participate in this case.

12.    Additionally, Plaintiffs attach the Declaration of Debbie Scarborough as Exhibit 2 here. Ms. Scarborough is Defendants' Accounting Manager and avers that she had personal knowledge that Plaintiffs worked overtime hours but did not receive overtime pay for those hours.

13.    Plaintiffs' Declarations provide detailed calculations of the amount of overtime compensation and commissions owed to each of them. Plaintiffs allege to be owed the following amounts:

- Plaintiff Renaud: $7,650.00 in overtime compensation and $10,266.50 in commissions

- Plaintiff Scalzo: $54,000.00 in overtime compensation and $54,006.60 in commissions

14. Plaintiffs are also entitled to liquidate damages in an amount equal to their unpaid overtime wages. 29 U.S.C. §216(b). An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987). In this case, Defendants, by virtue of having failed to respond to Plaintiffs' Complaint, fail to meet their burden to oppose the imposition of liquidated damages. Thus, the Court should also award an equal amount of damages sought above as liquidated damages.

14. An additional element of Plaintiffs claim is the recovery of attorneys' costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. The complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA.

15. Plaintiff have incurred $528.57 in costs, of which $522.00 are for awardable costs of filing fee and service of process charges. *Perrin v. John B. Webb*

*& Assoc., 2005* WL 2465022, at *5 (M.D., Fla. 2005). (Attached as Exhibit 3 is Plaintiff's Counsel's cost ledger).

WHEREFORE, Plaintiffs, OPAL RENAUD AND JENNIFER SCALZO requests the entry of a Final Judgment in their favor and against Defendants, BROKER BROTHERS LOGISTICS, INC. A FLORIDA CORPORATION, AND FRANK CAPUTO, INDIVIDUALLY, in the following amounts:

- Opal Renaud: $7,650.00 in overtime compensation, an equal amount in liquidated damages, and $10,266.50 in unpaid commissions;
- Jennifer Scalzo: $54,000.00 in overtime compensation, an equal amount in liquidated damages, and $54,006.60 in unpaid commissions;
- Morgan & Morgan, P.A.: $522.00 in attorneys' costs.

Respectfully submitted this 9th day of August, 2021.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*